**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

LAW OFFICE OF CLAYTON T. ROBERTSON
Clayton T. Robertson, ESQ. (SBN 229430)
1300 Clay Street, Suite 685
Oakland, CA 94612
Telephone: (408) 418-6403
Email: ctr@robertsonlitigation.com

Attorneys for Plaintiffs Lee Hawj, L.H., J.H., and R.H.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE HAWJ, individually, and as successor in interest to Decedent Soobleej Kaub Hawj; L.H., individually and as successor in interest to decedent Soobleej Kaub Hawj, by and through her guardian ad litem, LEE HER; J.H., individually and as successor in interest to decedent Soobleej Kaub Hawj, by and through his guardian ad litem, LEE HER; R.H., individually and as successor in interest to decedent Soobleej Kaub Hawj, by and through her guardian ad litem, LEE HER, | Case No.: |
| | COMPLAINT FOR DAMAGES FOR: |
| Plaintiffs, | 1. Unreasonable Seizure of Person – Excessive Force [42 U.S.C. § 1983 and via Cal. Civ. Proc. Code § 377.30] |
| vs. | 2. Violation of Substantive Due Process – Interference with Familial Relationship [42 U.S.C. § 1983] |
| COUNTY OF SISKIYOU; CITY OF ETNA; LEVI MACHADO; TONY STACHER; BRANDON BUELL; | 3. Deprivation of Due Process – Deprivation of Life Without Due Process (Hedonic Damages Claim via 42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30) |
| | 4. Municipal Liability – Ratification [42 U.S.C. § 1983 and via Cal. Civ. Proc. Code § 377.30] |
| | 5. Municipal Liability – Inadequate Training (42 U.S.C. 42 § 1983 |

JACOB NICHOLAS; and DOES 1 through 10, inclusive,

    Defendants.

    and via Cal. Civ. Proc. Code § 377.30)
6. Municipal Liability – Unconstitutional Custom, Practice or Policy [42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30]
7. Wrongful Death [Cal. Civ. Proc. Code § 377.60]
8. Negligence (under California State Law via Cal. Civ. Proc. Code § 377.30)
9. Battery (under California State Law via Cal. Civ. Proc. Code § 377.30)
10. Violation of Cal. Civil Code § 52.1 (under California State Law via Cal. Civ. Proc. Code § 377.30)
11. Assault (under California State Law via Cal. Civ. Proc. Code § 377.30)
12. Negligent Infliction of Emotional Distress (under California State Law)

**JURY TRIAL DEMANDED**

    **COMES NOW** Plaintiffs Lee Hawj, L.H., J.H., and R.H. and shows this honorable court the following:

COMPLAINT FOR DAMAGES

2

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Siskiyou, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiffs' federal question claims, this court has jurisdiction over the plaintiffs' California State law claims under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.      Plaintiffs have complied with the California Tort Claims Act. *See*, Cal. Gov't Code § 910, et seq.

## GENERAL ALLEGATIONS

5.  Plaintiff Lee Hawj, is a natural person who resides in the County of Sacramento, State of California.

6.  Lee Hawj is the legal spouse of Decedent Soobleej Kaub Hawj.

7.  Lee Hawj sues now in her individual capacity as the surviving spouse of Decedent Soobleej Kaub Hawj, and also as successor-in-interest to Decedent

Soobleej Kaub Hawj. Lee Hawj seeks both survival and wrongful death damages under federal and state law.

8.    Plaintiff L.H., is a natural person, who resides in the County of Sacramento, State of California. L.H. proceeds in this action through Lee Her as Guardian ad Litem. L.H. is a minor.

9.    L.H. is the legal and natural daughter of Decedent Soobleej Kaub Hawj.

10.  L.H. sues now in her individual capacity as the surviving daughter of Decedent Soobleej Kaub Hawj, and also as successor-in-interest to Decedent Soobleej Kaub Hawj. L.H. seeks both survival and wrongful death damages under federal and state law.

11.    Plaintiff J.H., is a natural person who resides in the County of Sacramento, State of California. J.H. proceeds in this action through Lee Her as Guardian ad Litem. J.H. is a minor.

12.  J.H. is the legal and natural son of Decedent Soobleej Kaub Hawj.

13.  J.H. sues now in his individual capacity as the surviving son of Decedent Soobleej Kaub Hawj, and also as successor-in-interest to Decedent Soobleej Kaub Hawj. J.H. seeks both survival and wrongful death damages under federal and state law.

14.    Plaintiff R.H., is a natural person who resides in the County of Sacramento, State of California. R.H. proceeds in this action through Lee Her as Guardian ad Litem. R.H. is a minor.

15.   R.H. is the legal and natural daughter of Decedent Soobleej Kaub Hawj.

16.   R.H. sues now in her individual capacity as the surviving daughter of Decedent Soobleej Kaub Hawj, and also as successor-in-interest to Decedent Soobleej Kaub Hawj. R.H. seeks both survival and wrongful death damages under federal and state law.

17.   Soobleej Kaub Hawj died intestate on June 28, 2021, as a direct and proximate result of the conduct of the defendants complained of in this action.

18.   Defendant County of Siskiyou, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

19.   Defendant City of Etna, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

20.   Defendant Levi Machado, hereinafter also referred to as "MACHADO", is, and at all times complained of herein, was, a peace officer employed by the Siskiyou County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

21.   Defendant Tony Stacher, hereinafter also referred to as "STACHER", is, and at all times complained of herein, was, a peace officer / police officer employed by the Etna Police Department, acting as an individual person under the

color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

22.   Defendant Brandon Buell, hereinafter also referred to as "BUELL", is, and at all times complained of herein, was, a peace officer / police officer employed by the Etna Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

23.   Defendant Jacob Nicholas, hereinafter also referred to as "NICHOLAS", is, and at all times complained of herein, was, a peace officer / police officer and a Lieutenant and a supervisor employed by the California Department of Fish & Wildlife, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with the California Department of Fish & Wildlife.

24.   Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Etna Police Department and/or defendant COUNTY and/or otherwise employed by the Siskiyou County Sheriff's Department, and/or California Department of Fish & Wildlife, or some other law enforcement agency, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are

otherwise responsible for and liable to plaintiffs for the acts complained of in this

action, whose identities are, and remain unknown to plaintiffs, who will amend

their complaint to add and to show the actual names of said DOE defendants when

ascertained by plaintiffs.

25.    At all times complained of herein, DOES 1 through 6, inclusive, were

acting as individual persons acting under the color of state law, pursuant to their

authority as sworn peace officers and/or sheriff's deputies and/or police officers

and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains,

Commanders, etc.) and/or dispatchers, employed by the Etna Police Department

and/or Siskiyou County Sheriff's Department, and/or California Department of

Fish & Wildlife and were acting in the course of and within the scope of their

employment with California Department of Fish & Wildlife and/or defendant

CITY and/or defendant COUNTY.

26.    Defendants DOES 7 through 10, inclusive, are sworn peace officers

and/or the sheriff and/or the assistant sheriffs and/or the Chief and/or Assistant

Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants

and/or other Supervisory personnel and/or policy making and/or final policy

making officials, employed by Etna Police Department and/or defendant CITY,

and/or Siskiyou County Sheriff's Department and/or defendant COUNTY, and/or

California Department of Fish & Wildlife, who are in some substantial way liable

and responsible for, or otherwise proximately caused and/or contributed to the

COMPLAINT FOR DAMAGES

7

occurrences complained of by plaintiffs in this action, such as via supervisory

liability (i.e. failure to properly supervise, improperly directing subordinate

officers, approving actions of subordinate officers), via bystander liability (failing

to intervene in and stop unlawful actions of their subordinates and/or other

officers), and such as by creating and/or causing the creation of and/or contributing

to the creation of the policies and/or practices and/or customs and/or usages of the

Siskiyou County Sheriff's Department and/or Etna Police Department and/or

Department of Fish & Wildlife for, *inter alia*,: 1) for unlawfully seizing persons; 2)

for using excessive force on persons; 3) for using unlawful deadly force on

persons; 4) fabricating evidence; and 5) covering up tortious conduct by peace

officers.

27.     At all times complained of herein, DOES 7 through 10, inclusive,

were acting as individual persons acting under the color of state law, pursuant to

their authority as the Sheriff and/or Assistant Sheriffs, Chief and/or the Assistant

Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other

Supervisory personnel and/or policy making and/or final policy making officials

with the Siskiyou County Sheriff's Department and/or California Department of

Fish & Wildlife and/or Etna Police Department, and/or some other public

official(s) with defendant CITY, and were acting in the course of and within the

scope of their employment with defendant CITY and/or Siskiyou County Sheriff's

Department, and/or some other public official(s) with defendant COUNTY, and

were acting in the course of and within the scope of their employment with

defendant COUNTY.

28.     At all times complained of herein, defendants DOES 7 through 10,

inclusive, were acting as individual persons under the color of state law; under and

pursuant to their status and authority as peace officers and/or Supervisory peace

officers (as described herein, above and below), and/or policy making peace

officers, with the California Department of Fish & Wildlife and/or Etna Police

Department and/or otherwise with defendant CITY[1] and/or Siskiyou County

Sheriff's Department and/or otherwise with Defendant COUNTY[2].

29.     Plaintiffs are presently unaware of the identities of DOES 1 through

10, inclusive, and will amend their complaint to add and to show the actual names

of said DOE defendants, when made known to plaintiffs.

30.     In addition to the above and foregoing, Defendants MACHADO,

STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, acted

pursuant to a conspiracy, agreement and understanding and common plan and

scheme to deprive the plaintiffs of their federal Constitutional and statutory rights,

and California constitutional and statutory state law rights, as complained of in this

action.

---

[1] Such as a CITY executive officer.
[2] Such as a COUNTY executive officer

31.     Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

32.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### [Survivorship Claim Pursuant to Cal. Civ. Proc. Code § 377.30]
### (By all Plaintiffs against Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive)

33.     Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 32 inclusive, above, as if set forth in full herein.

34.     On June 28, 2021, several communities in the unincorporated areas of Big Springs, Montague and Mount Shasta Vista were being evacuated from the area due to the growing threat of the Lava Fire.

35.     Plaintiffs and Decedent Soobleej Kaub Hawj participated in the evacuation along Shasta Vista Drive, towards County Road A-12.

36.     Decedent Soobleej Kaub Hawj was driving in his truck with the

COMPLAINT FOR DAMAGES

family dog "Silk," while Plaintiffs Lee Hawj, L.H., J.H., and R.H. followed in a vehicle behind Decedent Soobleej Kaub Hawj.

37.    Peace officers from several law enforcement agencies, including Etna Police Department, Siskiyou County Sheriff's Department and the California Department of Fish & Wildlife, including Defendants MACHADO, STACHER, BUELL, NICHOLS and DOES 1 through 6, inclusive, were staged at the intersection of Shasta Vista Drive and County Road A-12.

38. At the intersection, the peace officers were directing the evacuees to turn left (West) on to County Road A-12.

39.    When Decedent Soobleej Kaub Hawj approached the intersection, the peace officers singled out his truck and ordered him to turn right (East) on to County Road A-12.

40.    Decedent Soobleej Kaub Hawj complied with the orders and began to turn West on to County Road A-12.

41.    When Decedent Soobleej Kaub Hawj attempted to turn West on to A-12, as he was instructed to do, several peace officers, including MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, aggressively approached Decedent's truck with their guns pointed at Decedent.

42.    Confused and terrified, Decedent Soobleej Kaub Hawj, again attempted to move his vehicle to the right, as he was instructed.

43.    At that time, Defendants MACHADO, STACHER, BUELL,

COMPLAINT FOR DAMAGES

11

NICHOLAS and DOES 1 through 6, inclusive, began shooting their guns at Decedent Soobleej Kaub Hawj, killing Decedent Soobleej Kaub Hawj without provocation.

44.     Decedent Soobleej Kaub Hawj was not a threat to anyone at the time Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, shot and killed Decedent Soobleej Kaub Hawj.

45.     Plaintiffs Lee Hawj, L.H., J.H., and R.H. were behind Decedent Soobleej Kaub Hawj's vehicle and witnessed the unlawful shooting and killing of their husband and father.

46.     As shown above, when defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, shot and killed Soobleej Kaub Hawj, without any legal justification for doing so.

47.     The actions of defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of Soobleej Kaub Hawj rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

48.     Plaintiffs bring this claim as Successors-in-Interest to Soobleej Kaub Hawj, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Soobleej Kaub Hawj's rights. Soobleej Kaub Hawj

incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

49.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Soobleej Kaub Hawj's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY and COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment to United States Constitution**
**Interference With Familial Relationship**
**(By all Plaintiffs against Defendants MACHADO, STACHER, BUELL,**
**NICHOLAS and DOES 1 through 6, inclusive)**

50.     Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51.     The unlawful killing of Soobleej Kaub Hawj, by MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, deprived plaintiffs of their familial relationship, guaranteed to them under the Fourteenth Amendment to the United States Constitution.

52.     The use of unreasonable force upon Soobleej Kaub Hawj,  that resulted in the unlawful killing of him by defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive,, was done intentionally, was done in a manner that constituted the use of unreasonable force, and was done

in a manner that constituted a deliberate indifference to and reckless disregard of Soobleej Kaub Hawj's life and to said Familial Relationship, and constituted outrageous behavior that was shocking to the conscience.

53. The unlawful killing of Soobleej Kaub Hawj by MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, above-referenced, also caused plaintiffs to suffer the loss of Soobleej Kaub Hawj's love, society, solace and comfort, companionship, as well as caused them to suffer great mental, emotional and distress, pain and suffering, all in an amount to be shown at trial in excess of $15,000,000.

54. The unlawful killing of Soobleej Kaub Hawj by MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive damages against said defendants (save CITY and COUNTY); all in an amount to be shown at trial, in excess of $5,000,000.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW[3] UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[4]**
**(By all Plaintiffs, as successors in interested to Decedent Soobleej Kaub Hawj, Against MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive)**

55.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 54 inclusive, above, as if set forth in full herein.

56.     As shown above, Decedent Soobleej Kaub Hawj was the victim of excessive force and was unlawfully and unjustifiably shot to death, with malice, by MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive.

57.     The unlawful killing of Decedent Soobleej Kaub Hawj was done without due process of the laws of the United States of America and the State of California, in violation of Decedent Soobleej Kaub Hawj's rights under the Fourteenth Amendment to the United States Constitution; of Decedent Soobleej Kaub Hawj's right not to be deprived of his life without due process of law.

58.     The actions of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, as complained above herein, also constituted a violation of Decedent Soobleej Kaub Hawj's rights under the Fourth

---

[3] Hedonic Damages claim, also pursuant to Cal. Civ. Proc. Code § 377.30.
[4] And as otherwise provided for under the United States Constitution as those other rights retained by the People (U.S. Const. Amend. 9)

COMPLAINT FOR DAMAGES
15

Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force upon his person; deadly force that resulted in his death.

59.     Plaintiffs bring this claim as successors-in-interest to Decedent Soobleej Kaub Hawj, and seek hedonic damages, including physical and mental pre-death pain and suffering, the loss of Decedent Soobleej Kaub Hawj's life, Decedent Soobleej Kaub Hawj' loss of the enjoyment of his life and of his relationships with his family, with his friends, with his lovers, and otherwise of life's pleasures that Decedent Soobleej Kaub Hawj would have enjoyed had he not been killed by MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive. Decedent Soobleej Kaub Hawj also incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

60.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Decedent Soobleej Kaub Hawj's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for defendants CITY and COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

/ / /

/ / /

**FOURTH CAUSE OF ACION**
**VIOLATION OF 42 U.S.C. § 1983**
**Municipal Liability (*Monell Liability*) — Ratification**
**(By all Plaintiffs against Defendants CITY and COUNTY)**

61. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62. Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, acted under the color of law.

63. The acts of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, deprived Soobleej Kaub Hawj and Plaintiffs of their particular rights under the United States Constitution.

64. Upon information and belief, a final policymaker, acting under the color of law, who had final policymaking authority concerning the acts of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, ratified the individual officers' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual officer defendants' acts.

65. Upon information and belief, a final policymaker has determined (or will determine) that the acts of defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, were "within policy."

66. Upon information and belief, a final policymaker has ratified the use of excessive deadly force by their officers, including finding that use of deadly force acceptable when juries have found the force to be excessive.

67. By reason of the aforementioned acts and omissions, including unlawfully shooting and killing of Soobleej Kaub Hawj, Plaintiffs have suffered loss of the love, companionship, comfort, care, society, training, guidance, and past and future support of Soobleej Kaub Hawj.

68. The aforementioned acts and omissions also caused Soobleej Kaub Hawj to suffer great bodily injury, including severe physical, mental and emotional pain and suffering, loss of enjoyment of life, and death, and Plaintiffs stand in his shoes as his successor-in-interest to make those claims particular to him.

69. Accordingly, defendants CITY, COUNTY and DOES 7 through 10, inclusive, are liable to plaintiffs for compensatory damages under 42 U.S.C. § 1983.

70. Plaintiffs bring this claim as successors-in-interest to Soobleej Kaub Hawj, and seek survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Soobleej Kaub Hawj's rights.

71.    Plaintiffs bring this claim as successors-in-interest to Soobleej Kaub Hawj, and seek survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death

damages for the violation of Soobleej Kaub Hawj's rights. Soobleej Kaub Hawj and Plaintiffs incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

## FIFTH CAUSE OF ACTION
### (42 U.S.C. § 1983)
**Municipal Liability (*Monell Liability*) — Failure to Train**
**(By all Plaintiffs against COUNTY and CITY)**

72. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73. Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, acted under the color of law.

74. The acts of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, deprived Soobleej Kaub Hawj and Plaintiffs of their particular rights under the United States Constitution, as described above.

75. The training policies of CITY and COUNTY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal.

76. Defendants COUNTY and CITY were deliberately indifferent to the obvious consequences of its failure to train its officers adequately, to wit; the wrongful, unlawful and unconstitutional killing of persons who did not present an imminent threat to officers suffering great bodily injury or death.

77. The failure of CITY to provide adequate training caused the deprivation of Soobleej Kaub Hawj's and Plaintiffs' rights by MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive; that is, defendants' failure to train is so closely related to the deprivation of Soobleej Kaub Hawj's and Plaintiffs' rights as to be the moving force that caused the ultimate injury; in this case, the shooting and death of Soobleej Kaub Hawj.

78. On information and belief, CITY and COUNTY failed to train MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, properly and adequately, in that they were trained to shoot and kill persons who did not present such a threat of danger that a reasonably well trained police officer would have believed that such persons so shot and killed presented an imminent threat of its officers suffering great bodily injury or death.

79. By reason of the aforementioned acts and omissions, Plaintiffs and Soobleej Kaub Hawj have suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also cause Soobleej Kaub Hawj's pain and suffering, loss of enjoyment of life and death.

80. Accordingly, Defendants CITY, COUNTY are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

81.    Plaintiffs bring this claim both individually, and as successors-in-interest to Soobleej Kaub Hawj, and seek survival damages, including physical and

mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Soobleej Kaub Hawj's rights. Soobleej Kaub Hawj incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

## SIXTH CAUSE OF ACTION
### (42 U.S.C. § 1983)
**Municipal Liability (*Monell Liability*) — Unconstitutional Custom, Practice and/or Policy**
**(By all Plaintiffs, Against Defendants CITY and COUNTY)**

82. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 81, inclusive, above, as if set forth in full herein.

84. Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, acted under the color of law.

85. The acts of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, deprived Soobleej Kaub Hawj and Plaintiffs of their particular rights under the United States Constitution.

86. Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, acted pursuant to an expressly adopted official policy or a longstanding practice or customs of CITY and COUNTY for using deadly force upon persons when the under circumstances of the situation, the use of deadly force is not justified.

87. Defendants CITY, COUNTY and DOES 7 through 10, inclusive, together with other CITY and COUNTY policymakers and supervisors,

maintained, *inter alia*, the following unconstitutional customs, practices and policies:

    (a) Using excessive force, including excessive deadly force on a regular basis, making such use of unreasonable force standard operating procedure;

    (b) Providing inadequate training regarding the use of deadly force;

    (c) Employing and retaining as peace officers individuals such as MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, who Defendants COUNTY and CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force and unlawfully seizing persons;

    (d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY and CITY peace officers, and other personnel, including MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, who Defendants COUNTY and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (e) Failing to adequately discipline COUNTY and CITY peace officers, including Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, for the above-referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

    (f) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(g)  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(h)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which peace officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(i)  Maintaining a policy of inaction and an attitude of indifference towards police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecutions who participate in shootings of unarmed people.

88.    Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, were not disciplined, reprimanded, restrained, suspended or otherwise penalized in connection with Soobleej Kaub Hawj' death.

89. By reason of the aforementioned acts and omissions, Soobleej Kaub Hawj and Plaintiffs suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also caused Soobleej Kaub Hawj's pain and suffering, loss of enjoyment of life, and death.

90.    Defendants CITY, COUNTY and DOES 7-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the

paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent Soobleej Kaub Hawj, Plaintiffs and other individuals similarly situated.

91.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 7-10 acted with intentional, reckless, and callous disregard for the life of Soobleej Kaub Hawj and for Soobleej Kaub Hawj's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, COUNTY and DOES 7-10 were affirmatively linked to and were a significantly influential force behind the injuries of Soobleej Kaub Hawj and Plaintiffs.

92.   Accordingly, Defendants CITY, COUNTY and DOES 7-10, inclusive, are liable to plaintiffs for compensatory damages under 42 U.S.C. § 1983.

93.   Plaintiffs bring this claim individually and as successor-in-interest to Soobleej Kaub Hawj, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Soobleej Kaub Hawj's rights. Soobleej Kaub Hawj and Plaintiffs incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

### SEVENTH CAUSE OF ACTION
**Wrongful Death**
**(Cal. Civil Proc. Code § 377.60)**
**Under California State Law**
**(By all Plaintiffs against all Defendants)**

94. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 93, inclusive, above, as if set forth in full herein.

95. Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, while working as peace officers for California Department of Fish & Wildlife and defendants CITY and COUNTY, and while acting in the course of and with the scope of their employment, intentionally shot Decedent Soobleej Kaub Hawj multiple times and used unreasonable and excessive deadly force against him when doing so.

96. No reasonably well-trained peace officer / deputy sheriff would have believed, that in and under the circumstances in which Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, engaged and encountered Decedent Soobleej Kaub Hawj, that Decedent Soobleej Kaub Hawj posed a threat of imminent serious injury or death to any of the defendants, or to anyone else.

97. Notwithstanding the obvious unreasonableness of shooting Decedent Soobleej Kaub Hawj, and notwithstanding Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, having no reason to believe that Decedent Soobleej Kaub Hawj posed a threat of imminent serious injury or death to any of the defendants, or to anyone else, MACHADO, STACHER, BUELL, and

DOES 1 through 6, inclusive, proceeded to shoot Decedent Soobleej Kaub Hawj to death.

98.  As a result of the actions of MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, Decedent Soobleej Kaub Hawj suffered severe physical, mental and emotional pain and suffering, loss of enjoyment of life, and ultimately his death.

99.  At an absolute minimum, MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive's shooting of Decedent Soobleej Kaub Hawj constituted negligence and gross negligence, as they owed Decedent Soobleej Kaub Hawj and his heirs a duty of due care in seizing, in violation of Cal. Civil Code § 1714, and otherwise in violation of Cal. Civil Proc. Code § 377.60.

100.  Alternatively, MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive's shooting of Decedent Soobleej Kaub Hawj constituted the intentional and knowingly wrongful, unlawful, unconstitutional[5], unjustified, and malicious shooting and killing of Decedent Soobleej Kaub Hawj; in violation of Cal. Civil Proc. Code § 377.60.

_____

[5] Under both the California Constitution and the United States Constitution.

101.   As a direct and proximate result of the conduct of MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, as alleged above, Decedent Soobleej Kaub Hawj sustained injuries and died from his injuries.

102.   As a direct and proximate result of the conduct of MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, as alleged above,

103.   Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, are liable to plaintiffs for the Wrongful Death of Decedent Soobleej Kaub Hawj pursuant to Cal. Civil Code § 1714, Cal. Civil Proc. Code § 377.60 and Cal. Gov't Code §§ 815.2 and 820.

104.   In addition, CITY and COUNTY are vicariously liable to plaintiffs for the wrongful acts of their defendant employees, pursuant to Cal. Civil Code § 1714, Cal. Civil Proc. Code § 377.60 and Cal. Gov't Code §§ 815.2 and 820.

105.   Also as a direct and proximate result of defendants' conduct as alleged above, plaintiffs suffered the loss of their parent – child relationship, and the life-long love, companionship, comfort, support, society, care and sustenance of Decedent Soobleej Kaub Hawj, and will continue to be so deprived for the remainder of their natural life.

106.   In addition, to the extent that the actions of Defendants MACHADO, STACHER, BUELL, and DOES 1 through 6, inclusive, intentional and knowingly

wrongful, unlawful, unconstitutional[6], unjustified, and malicious and oppressive, plaintiffs are entitled to an award of punitive damages against defendants, save defendants CITY and COUNTY.

### EIGHTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Cal. Civil Code § 1714)**
**(By all Plaintiffs as Successor-in-Interest to Soobleej Kaub Hawj against all Defendants)**

107.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 106, inclusive, above, as if set forth in full herein.

108. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

109. Defendants breached this duty of care. Upon information and belief, the actions and inactions of defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Soobleej Kaub Hawj;

---

[6] Under both the California Constitution and the United States Constitution.

(b) the negligent tactics and handling of the situation with Soobleej Kaub Hawj, including pre-shooting negligence;

(c) the negligent detention, arrest, and use of force, including deadly force, against Soobleej Kaub Hawj;

(e) the failure to properly train and supervise employees, both professional and non-professional, including DOE Officers;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Soobleej Kaub Hawj;

(g) the negligent handling of evidence and witnesses; and

(h) the negligent communication of information during the incident.

110. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Soobleej Kaub Hawj was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish, and incurred substantial medical bills and costs and other special damages, in an amount to be proven at trial which is in excess of $15,000,000.00.

## NINTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By all Plaintiffs as Successor-in-Interest to Soobleej Kaub Hawj against all Defendants)

111. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 110, inclusive, above, as if set forth in full herein.

112. MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, while working as peace officers for CITY and/or COUNTY and/or the California Department of Fish & Wildlife, and acting within the course and scope of their duties, intentionally shot Soobleej Kaub Hawj multiple times and used unreasonable and excessive force against him.

113.  As a result of the actions of MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, Soobleej Kaub Hawj suffered severe pain and suffering, loss of enjoyment of life, and ultimately died of his injuries. MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, had no legal justification for using force against Soobleej Kaub Hawj, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force.

114. MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, while working as a peace officer for CITY and/or COUNTY and/or California Department of Fish & Wildlife, and acting within the course and scope of their duties, intentionally shot Soobleej Kaub Hawj multiple times.

115.  As a result of the actions of MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, Soobleej Kaub Hawj suffered severe pain and suffering. MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, had no legal justification for using force against

Soobleej Kaub Hawj, and their use of force while carrying out their duties as peace officers was an unreasonable and nonprivileged use of force.

116.   As a direct and proximate result of the conduct of MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, as alleged above, Soobleej Kaub Hawj sustained injuries and died from his injuries and also lost his earning capacity. Soobleej Kaub Hawj also incurred substantial medical bills and costs, loss of life, and loss of enjoyment of life.

117.   CITY and COUNTY are vicariously liable for the wrongful acts of their peace officer employees, pursuant to sections 815.2(a) and 820 of the California Government Code.

118.   The conduct of MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Soobleej Kaub Hawj, entitling Plaintiffs, individually, and as successor-in-interest to Soobleej Kaub Hawj, to an award of exemplary and punitive damages, save CITY and COUNTY.

119.   Plaintiffs bring this claim as successor-in-interest to Soobleej Kaub Hawj, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Soobleej Kaub Hawj's rights. Soobleej Kaub Hawj and Plaintiffs incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

120.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Soobleej Kaub Hawj's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for defendant CITY and COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

**TENTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By all Plaintiffs as Successor-in-Interest to Soobleej Kaub Hawj against all Defendants)**

121.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 120, inclusive, above, as if set forth in full herein.

122. Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, while working for COUNTY and/or CITY and/or the California Department of Fish & Wildlife, and acting within the course and scope of their duties, intentionally committed acts of violence against Soobleej Kaub Hawj, by shooting him without justification or excuse.

123. Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, interfered with Soobleej Kaub Hawj's civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

124. On information and belief, defendants intentionally and spitefully committed the above acts to discourage Soobleej Kaub Hawj from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

125. On information and belief, Soobleej Kaub Hawj reasonably believed and understood that the violent acts committed by Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

126.   As a proximate and direct result of defendants' actions, Soobleej Kaub Hawj, suffered loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of Soobleej Kaub Hawj's rights. Soobleej Kaub Hawj incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

127.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of Soobleej Kaub Hawj's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for defendants CITY and COUNTY, in an amount to be proven at trial which is in excess of $5,000,000.00.

128.   In addition, as a result of the actions of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, as

complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled an award of treble compensatory damages against said defendants, and each of them.

## ELEVENTH CAUSE OF ACTION
**Assault**
**Under California State Law**
**(By all Plaintiffs as Successor-in-Interest to Soobleej Kaub Hawj against all Defendants)**

129. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 128, inclusive, above, as if set forth in full herein.

130. The actions committed by Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, above-described, constituted an assault of Plaintiffs under California state law, as Decedent Soobleej Kaub Hawj was unlawfully placed in reasonable fear of receiving an imminent violent injury by said Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive.

131. As a direct and proximate result of the actions of said Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, Plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $15,000,000.00.

132. The actions by Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendants CITY and COUNTY, in an amount to be proven at trial in excess of $5,000,000.00 inclusive.

### THIRTEENTH CAUSE OF ACTION
**Negligent Infliction Of Emotional Distress**
**Under California State Law**
**(By all Plaintiffs, Against All Defendants)**

133.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 132, inclusive, above, as if set forth in full herein.

134.   Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, unlawfully shot and killed Decedent Soobleej Kaub Hawj.

135.   At the time Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, engaged in said unlawful conduct, the Plaintiffs were all present and witnessed the events.

136.   Plaintiffs have suffered serious emotional distress as a result of witnessing the defendants unlawful conduct toward their father and husband, Decedent Soobleej Kaub Hawj.

137.   The conduct of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, was a substantial factor in causing Plaintiffs to suffer serious emotional distress.

138.   As a direct and proximate result of the actions of Defendants MACHADO, STACHER, BUELL, NICHOLAS and DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $15,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $15,000,000.00;

b) For a judgment against all defendants, save defendants COUNTY and CITY, for punitive damages in an amount in excess of $5,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.


*/s/ Gregory Peacock*_____
GREGORY PEACOCK


COMPLAINT FOR DAMAGES
36