1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

LEE HAWJ, individually, and as successor in interest to Decedent Soobleej Kaub Hawj; L.H., individually and as successor in interest to decedent Soobleej Kaub Hawj, by and through her guardian ad litem, LEE HER; J.H., individually and as successor in interest to decedent Soobleej Kaub Hawj, by and through his guardian ad litem, LEE HER; R.H., individually and as successor in interest to decedent Soobleej Kaub Hawj, by and through her guardian ad litem, LEE HER,

         Plaintiffs,

     v.

County of Siskiyou; City of Etna; Levi Machado; Tony Stacher; Brandon Buell; Jacob Nicholas; and Does 1 through 10, inclusive,

         Defendants.

**Case No. 2:22-cv-01978-JAM-AC**

*District Judge John A. Mendez*

**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF R.H.**

*[Declaration of Benjamin S. Levine and Exhibits thereto; Verification by Guardian* ad Litem *Lee Her; and Proposed Order filed concurrently herewith]*

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs, Lee Hawj, Lydia Her, Johnny Her, and R.H., by and through her guardian *ad litem*, Lee Her ("Plaintiffs"), hereby move this Court by way of this *Ex Parte* Application for Approval of Compromise of the Claims of minor plaintiff R.H.

Plaintiffs make this application pursuant to Central District Local Rule 202(b)(2). The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Benjamin S. Levine, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on November 11, 2025, Plaintiffs' counsel contacted Defendants' counsel. Defendants are represented by:

Domenic D. Spinelli, Esq.
SPINELLI, DONALD & NOTT
300 University Ave., Ste. 100, Sacramento, CA 95825
(916) 448-7888
DomenicS@SDNLaw.com

Derick E. Konz, Esq.
ANGELO, KILDAY & KILDUFF, LLP
601 University Ave., Ste. 150, Sacramento, CA 95825
(916) 564-6100
dkonz@akk-law.com

Amie C. Bears, Esq.
CALIFORNIA OFFICE OF THE ATTORNEY GENERAL
1300 I Street 12th Floor, Sacramento, CA 95814
(916) 210-7663
Amie.Bears@doj.ca.gov

Declaration of Benjamin S. Levine in Support of Ex Parte Application for Approval of Minor's Compromise ("Levine Decl.") ¶ 2. Defendants' counsel do not oppose the filing of this application for approval of the minors' compromise on an *ex parte* basis, nor do Defendants or their counsel oppose the proposed distribution

-1-

of the settlement funds. *Id.* ¶ 3. Plaintiffs seek approval of the minor's compromise on an *ex parte* basis because the interest rates for the annuity will expire if this matter is heard as a regularly noticed motion, particularly when factoring in the time that Defendants and their counsel need to request the checks and fund the annuities (approximately 30 days), in addition to however much time this Court might require to issue a ruling following a hearing if one is held. *Id.* ¶ 4. **Specifically, the interest rates that Plaintiffs have locked in through their settlement broker will expire on January 15, 2026. If the minors' annuities are not funded prior to January 15, 2026—which will require an order to have issued and annuity checks to be received by the annuity issuer no later than that date—then Plaintiffs will need to lock in new rates and file an amended petition.** (*Id.*)

      Respectfully submitted,

DATED:  November 17, 2025     LAW OFFICES OF DALE K. GALIPO

                    By: _____*/s/ Benjamin S. Levine*_____
                          Dale K. Galipo
                          Benjamin S. Levine
                          *Attorneys for Plaintiffs*

## UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF
## COMPROMISE OF THE CLAIMS OF R.H.

### I.    INTRODUCTION

Lee Her, Guardian *ad Litem* for minor plaintiff R.H.,[1] hereby submits this petition and proposed order for approval of R.H.'s compromise in this matter, and requests that the Court approve of the proposed distribution of R.H.'s funds. Lee Her is R.H.'s aunt and was appointed by this Court as R.H.'s Guardian *ad Litem* for this action. [Dkt. 27.]

The instant claims of minor plaintiff R.H. arose out of the fatal shooting of R.H.'s father, decedent Soobleej Hawj ("Decedent"), by Levi Machado, Tony Stacher, Brandon Buell, and Jacob Nicholas—law enforcement officials from the County of Siskiyou, City of Etna, and California Department of Fish & Wildlife—on June 28, 2021. The other plaintiffs to the action are the decedent's two now-adult children and the decedent's wife, Lee Hawj. Plaintiffs and Defendants have agreed to settle the above-referenced case, and the parties' settlement has been approved by the proper authorities for the above-named public entities.

This agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $625,000.00 divided between the four Plaintiffs as follows:

| | |
|---|---|
| Lee Hawj and her attorneys | $193,750.00 |
| Lydia Her and her attorneys | $143,750.00 |
| Johnny Her and her attorneys | $143,750.00 |
| R.H. and her attorneys | $143,750.00 |

---

[1] Plaintiff R.H. is a minor and accordingly has been identified by her initials throughout this litigation. Plaintiffs Lydia Her and Johnny Her were minors at the outset of this litigation and so have been identified by their initials in the case caption, but have reached the age of majority during the pendency of this action.

Levine Decl. ¶ 5. All plaintiffs (including R.H., through her Guardian *ad Litem* Lee Her) and their counsel have agreed that plaintiff Lee Hawj, the Decedent's spouse, should be compensated from the settlement in reimbursement for significant expenses, which she alone incurred, associated with preservation of the Decedent's body and funeral and burial expenses, totaling approximately $50,000.00. *Id.* Plaintiffs' counsel have further and accordingly agreed to waive their attorneys' fees as to this portion of the settlement. *Id.* The plaintiffs and their counsel have agreed that the remaining $575,000.00 of the settlement should be divided equally among the four plaintiffs, less attorneys' fees and case costs advanced by counsel. *Id.*

## II.   **DISCUSSION**

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a Guardian *ad Litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978).

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable . . . . If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384

-4-

1  provides that "[a] petition for court approval of a compromise or covenant not to sue

2  under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951,

3  and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys

4  make the following disclosures:

5       **Disclosures pursuant to California Rule of Court 7.950:**

6       1. Petitioner is Lee Her as Guardian *ad Litem* for R.H.

7       2. Plaintiff R.H. is a minor child and one of three children of the decedent in

8  this case, Soobleej Hawj, the other two of children whom are now adults. R.H. was

9  born on February 13, 2013.

10      3. The nature of the Plaintiffs' claims in this lawsuit is set forth in the

11 operative complaint filed in this action. Pursuant to the settlement agreement, the

12 Plaintiffs' claims will be compromised without a trial on the merits. Levine Decl.

13 ¶ 6.

14      4. Plaintiffs' damages in this case arise from (1) the injuries suffered by their

15 father, Soobleej Hawj (the decedent), for which Plaintiffs can recover survival

16 damages as successors in interest, as the Decedent's wife and children (survival

17 damages); and (2) Plaintiffs' individual loss of the decedent's comfort, care,

18 companionship, training, support, and guidance (wrongful death damages). Levine

19 Decl. ¶ 7.

20      5. Neither medical treatment nor medical billing are relevant to this case;

21 Plaintiff R.H. has not received medical treatment in connection with this case.

22      6. The total amount of the settlement that Defendants collectively agree to pay

23 in this action is $625,000. As set forth above, of the $625,000 gross settlement

24 amount, $193,750 is proposed to be distributed to Lee Hawj and her attorneys;

25 $143,750 is proposed to be distributed to Lydia Her and her attorneys; $143,750 is

26 proposed to be distributed to Johnny Her and his attorneys; and $143,750 is

27 proposed to be distributed to R.H. and her attorneys. Plaintiffs' attorneys are

28 requesting attorneys' fees of 40% of $143,750 of the settlement proceeds allocated

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR
PLAINTIFF R.H.

to Lee Hawj ($57,500); 40% of the $143,750 in gross settlement proceeds allocated to Lydia Her ($57,500); 40% of the $143,750 in gross settlement proceeds allocated to Johnny Her ($57,500); and 40% of the $143,750 in gross settlement proceeds allocated to R.H. ($57,500). Levine Decl. ¶¶ 5, 8, 10. Plaintiffs' attorneys also seek reimbursement for the Plaintiffs' *pro rata* share of the Plaintiffs' total litigation costs advanced by Plaintiffs' attorneys. Plaintiffs and their attorneys propose to allocate these costs on a *pro rata* basis reflecting the total recovery to each plaintiff for which attorneys' fees are also being requested, such that each plaintiff would pay 25% of the total costs. The total advanced litigation costs are $6,606.30. Plaintiffs Lee Hawj, Lydia Her, Johnny Her, and R.H.'s equal share of the costs is $1,651.58. Levine Decl. ¶ 9.

These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case. Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo, the Law Offices of Clayton T. Robertson, the Law Office of Gregory Peacock, and Nancy Ly that provide for a 40% contingency fee, which is a total of $230,000 (as modified, as explained in Section I, *supra*), shared equally among the four Plaintiffs and divided among Plaintiffs' attorneys' offices. Levine Decl. ¶¶ 5, 8, 10.

The contingency attorney fee award in this case is justified by lead attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year"

award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC"). Levine Decl. ¶ 10.

Some of Mr. Galipo's recent notable verdicts include the following: $30,500,000 verdict in the shooting death case *Lewis v. County of Kern*, tried in the U.S. District Court for the Eastern District of California before the Honorable Kirk E. Sherriff in March 2025; $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright, II in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando M. Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney. Levine Decl. ¶ 10.

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,200 an hour and up to $1,400 an hour by multiple federal courts. In the case *I.H. v. State of California*, tried in the U.S. District Court for the Eastern District of California in October 2024 in front of the Honorable Dale A. Drozd, Mr. Galipo achieved a verdict of $1.5 million, and Judge Drozd awarded Mr. Galipo an hourly rate of $1,300 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip S. Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in attorneys' fees. In *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed

in the district court case and $1,200 per hour for work in defending defendants'
appeals to the Ninth Circuit and the United States Supreme Court. Also in 2019,
Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the
defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In
*French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour
for his work in that case at the district court level. In the same case, after the
plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo
$1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024.
Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs'
attorneys' request for the full 40% contingency attorney fee in this case. Levine
Decl. ¶ 10.

Additionally, this case involved a substantial amount of risk. For example, in
this case, defendant officers alleged that, prior to the fatal shooting of the decedent,
the decedent displayed a firearm and pointed it toward one of the defendant officers,
and further alleged that, shortly thereafter, the decedent's truck accelerated toward
other officers. There was no video showing the shooting or whether the decedent in
fact displayed a firearm, and there were few civilian witnesses. If Plaintiffs' counsel
were not awarded a fully compensatory fee in cases such as this one, then these
attorneys would not be able to take such difficult cases. In turn, plaintiffs, including
minor plaintiffs such as R.H. would not be able to attract competent counsel who
could achieve similar results. Accordingly, Plaintiffs' attorneys request
reimbursement of the full amount of their attorneys' fees and costs. Levine Decl.
¶ 10.

7. As stated above, the gross amount of the settlement is $625,000. The gross
share of these proceeds apportioned for minor Plaintiff R.H. and her attorneys is
$143,750. After deducting requested attorneys' fees of $57,500 and deducting
R.H.'s *pro rata* share of costs, the total net settlement proceeds to R.H. is
$84,598.43. Levine Decl. ¶ 11.

8. It is requested that $84,598.43 be used to fund a structured settlement annuity for R.H. Attached as "Exhibit A" to the Declaration of Benjamin S. Levine is the proposed structured settlement annuity for R.H., which is incorporated herein in its entirety by reference. R.H.'s guardian *ad litem,* Lee Her, agrees to this proposal and believes that it is in the best interests of R.H. Under the proposal set forth in "Exhibit A," the total amount that R.H. will receive after the last payment is made from the annuity is $124,845.00. Levine Decl. ¶ 12.

9. The moving Guardian *ad Litem* is not a plaintiff in this case and has no claims against any party in connection with the subject incident.

10. California Welfare and Institutions Code Section 14124.73 does not apply.

11. This motion does not seek an order for payment of money to a special needs trust. Levine Decl. ¶ 14.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Benjamin S. Levine (California State Bar Number 342060), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action. Levine Decl. ¶ 15.

2. The Law Offices of Dale K. Galipo, the Law Offices of Clayton T. Robertson, the Law Office of Gregory Peacock, and/or Nancy Ly did not become concerned with this matter at the insistence of any party against whom any Plaintiff's claims are asserted. Levine Decl. ¶ 16.

3. The Law Offices of Dale K. Galipo, the Law Offices of Clayton T. Robertson, the Law Office of Gregory Peacock, and Nancy Ly represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter. Levine Decl. ¶ 17.

4. The Law Offices of Dale K. Galipo, the Law Offices of Clayton T. Robertson, the Law Office of Gregory Peacock, and Nancy Ly have not to date

1  received any compensation for their services in connection herewith from any
2  person. Levine Decl. ¶ 18.

3          5. Lee Hawj, Lydia Her, Johnny Her, and R.H. are the only plaintiffs in this
4  action. Accordingly, Plaintiffs' attorneys do not expect to receive compensation for
5  their services in connection herewith from any source besides from the gross
6  settlement proceeds allocated to Lee Hawj, Lydia Her, Johnny Her, and R.H. Levine
7  Decl. ¶ 19.

8          6. The Law Offices of Dale K. Galipo, the Law Offices of Clayton T.
9  Robertson, the Law Office of Gregory Peacock, and Nancy Ly accepted this
10  engagement for a contingency fee, plus reimbursement for any costs advanced. The
11  current retainer agreement provides for a 40 percent attorney fee recovery if the
12  matter concludes after commencement of a lawsuit. Levine Decl. ¶ 10.

13          **Petitioner's endorsement:**

14          Petitioner has made a careful and diligent inquiry and investigation to
15  ascertain the facts relating to the incident giving rise to the minor's claims, the
16  parties responsible for the incident, and the nature, extent and seriousness of the
17  minor's claims. Petitioner further understands that if the compromise proposed in
18  this petition is approved by the Court and is consummated, the minor child will be
19  forever barred from seeking any further recovery of compensation even though the
20  minor's injuries and loss might in the future appear to be more serious than they are
21  now thought to be. Petitioner is informed and believes that the minor has made some
22  sufficient recovery from the effects of her injuries and losses so as to justify the
23  resolution of this matter in accord with the terms of the settlement agreement.
24  Petitioner recommends the compromise settlement and the proposed distribution to
25  the minor to the Court as being fair, reasonable, and in the best interest of the minor,
26  and requests that the Court approve this compromise settlement and make such other
27  and further orders as may be just and reasonable. *See* Levine Decl. ¶ 13.

28          Petitioner Lee Her requests that the Court enter the proposal attached to the

-10-

Declaration of Benjamin S. Levine as "Exhibit A" for R.H. Specifically, Petitioner Lee Her requests that the Court enter the Proposed Order filed concurrently herewith. As stated, Petitioner Lee Her is R.H.'s Guardian *ad Litem*. Petitioner Lee Her's verification is attached hereto.

**III.    CONCLUSION**

For the reasons above, Plaintiffs respectfully request that the Court enter the proposed order submitted concurrently herewith.

Respectfully submitted,

DATED: November 17, 2025          LAW OFFICES OF DALE K. GALIPO

By:   */s/ Benjamin S. Levine*
      Dale K. Galipo
      Benjamin S. Levine
      *Attorneys for Plaintiffs*

UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF R.H.